UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEON MCQUAY,

      Plaintiff,

v.                              Case No.:  8:22-cv-2246-DNF

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## OPINION AND ORDER

Plaintiff Leon McQuay seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the Commissioner's Decision

### A.   Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the administrative law judge, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are

reviewed under a de novo standard. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The Commissioner must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the Commissioner must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the Commissioner must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the Commissioner finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the Commissioner must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the Commissioner must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.    Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on May 11, 2020, alleging disability beginning October 1, 2019. (Tr. 84, 189-90). Plaintiff later amended the alleged onset date to October 31, 2019. (Tr. 15, 44). The

application was denied initially and on reconsideration. (Tr. 84, 92). Plaintiff requested a hearing and on September 28, 2021, a hearing was held before Administrative Law Judge Amber Downs ("ALJ"). (Tr. 34-71). On December 22, 2021, the ALJ entered a decision finding Plaintiff had not been disabled from October 31, 2019, through the date of the decision. (Tr. 15-28). On July 29, 2022, the Appeals Council denied Plaintiff's request for review. (Tr 1-5).

Plaintiff began this action by Complaint (Doc. 1) filed on October 1, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 11).

### D.   Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2024. (Tr. 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 31, 2019, the alleged onset date. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: "spine disorders including degenerative disc disease in the cervical and lumbar spine, degenerative joint disease status-post knee replacement, obesity, neuropathy, and hypertension." (Tr. 18). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of

the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (Tr. 18).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except that the claimant has the residual functional capacity to perform less than full range of light work except lifting 20 pounds occasionally and 10 pounds frequently, carrying 20 pounds occasionally and 10 pounds frequently, sitting for 6 hours, standing for 6 hours, walking for 6 hours with the ability to push and pull as much as can lift and carry. He can operate foot controls with right foot frequently, he can operate foot controls with left foot frequently. He can operate hand controls with right hand frequently, he can operate hand controls with left hand frequently. The claimant can handle items frequently with the left hand, but he has fingering limitations frequently with the left hand. The claimant can climb ramps and stairs frequently, never climb ladders, ropes, or scaffolds, balance frequently, stoop frequently, kneel frequently, crouch frequently, crawl frequently. The claimant can work at unprotected heights occasionally, moving mechanical parts occasionally, in extreme cold frequently, in vibration occasionally.

(Tr. 19).

At step four, the ALJ determined that Plaintiff was not capable of performing his past relevant work as a material handler, machine maintenance servicer, forklift operator, and panel board operator. (Tr. 27). At step five, the ALJ found that considering Plaintiff's age (49 years old on the alleged disability onset date), education (at least high school), work experience, and RFC, there were jobs that

existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 27-28). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1)  mail sorter, DOT[1] 209.687-026, light, SVP 2

(2)  parking lot attendant, DOT 915.473-010, light, SVP 2

(3)  tap room attendant, DOT 312.677-010, light, SVP 2

(Tr. 28). The ALJ concluded that Plaintiff was not under a disability from October 31, 2019, through the date of the decision. (Tr. 28).

## II.    Analysis

On appeal, Plaintiff raises two issues:

(1)    Whether the ALJ erred in failing to address Plaintiff's complaints of frequent urination; and

(2)    Whether the ALJ erred in relying on a response from a vocational witness to an incomplete or vague hypothetical.

(Doc. 13, p. 3, 4).

## A.    Complaints of Frequent Urination

Plaintiff contends that the ALJ erred in failing to discuss Plaintiff's complaint of frequent urination. (Doc. 13, p. 3-4). As Plaintiff points out, at the hearing Plaintiff responded to a question about whether he goes grocery shopping by stating that he

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

is diabetic and, "I have to use the bathroom a lot, so I try not to, again, put myself in situations where I'm going to wet my pants or wet myself up." (Tr. 63). Plaintiff acknowledges that there is no testimony or evidence about the frequency of urination. (Doc. 13, p. 4).

Prior to step four, the ALJ must assess Plaintiff's RFC, the most he can do despite his limitations. 20 C.F.R. § 404.1545(a). It consists of a claimant's "impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what [a claimant] can do in a work setting." 20 C.F.R. § 404.1545(a). An ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the action. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1), (3). The ALJ must consider *all* of a claimant's medically determinable impairments, including those that are not "severe." 20 C.F.R. § 404.1545(a)(2); *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019). "The ALJ makes this determination by considering a claimant's physical, mental, and other abilities affected by the impairment." *Id.* (citing 20 C.F.R. § 404.1545(b)-(d)).

Here, Plaintiff argues the ALJ erred by not considering the frequency of Plaintiff's need to urinate in assessing Plaintiff's RFC. Plaintiff cites no medical records that support Plaintiff this complaint. And, as the Commissioner contends, Plaintiff informed his doctors that he had no issues with frequent urination. (*See* Doc.

14, p. 4 (citing Tr. 323,331, 344, 351, 357, 961)). Plaintiff also includes some medications he takes that could be diuretics, but again, Plaintiff cites no medical records that support the notion that these medications cause frequent urination issues for Plaintiff. Without more, substantial evidence supports the ALJ's decision as to consideration of Plaintiff's medically determinable impairments and limitations from them.

### B.    RFC Language and Hypothetical to Vocational Expert

Plaintiff argues that the language of the RFC is vague as to Plaintiff's left hand and fingering. (Doc. 13, p. 6-7). Plaintiff also argues that the hypotheticals the ALJ posed to the vocational expert were incomplete and vague as to sitting, standing, and walking, causing the vocational expert's testimony to be unreliable. (Doc. 13, p. 7-8).

Starting with the left hand and fingering, in the RFC, the ALJ found, among other things: "He can operate hand controls with right hand frequently, he can operate hand controls with left hand frequently. The claimant can handle items frequently with the left hand, but he has fingering limitations frequently with the left hand." (Tr. 19). Plaintiff argues that the "but" implies that Plaintiff cannot frequently finger with the left hand. (Doc. 13, p. 6). Alternatively, Plaintiff argues that this language is confusing. (Doc. 13, p. 6). In the context of the RFC, the ALJ was discussing limitations for both the right and left hands. (Tr. 19). The ALJ limited the

right hand to frequently for hand controls. But she limited the left hand more by limiting the left hand to frequently for handling and, in addition, to frequently for fingering. (Tr. 19). There is no ambiguity in this statement.

Plaintiff also argues that the RFC and hypothetical are vague because the ALJ limited Plaintiff to sitting for 6 hours, standing for 6 hours, walking for 6 hours. (Tr. 19, 66-67). Plaintiff claims that there are various way to read these limitations. (Doc. 13, p. 7). Plaintiff contends that one way is that he could be on his feet the entire workday, except for normal breaks. (Doc. 13, p. 7). Another way is that Plaintiff would be on his feet for a total of 6 hours either standing, walking, or any combination thereof, but must be able to perform the job sitting, intermittently, the remaining two hours. (Doc. 13, p. 7).

At step five of the sequential evaluation, the ALJ must determine whether jobs exist in significant numbers in the national economy that a plaintiff can perform. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). To make this determination, an ALJ may obtain the testimony of a vocational expert. *Id*. For the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). "If the ALJ presents the vocational expert with incomplete hypothetical questions, the vocational expert's testimony will not constitute substantial evidence." *Jacobs v. Comm'r of*

*Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013). But an ALJ is not required to include findings in the hypothetical that the ALJ found to be unsupported by the record. *Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)).

The Court agrees with the Commissioner that these limitations mirror limitations for light work, which require standing, walking, or both, for up to six hours throughout the workday, citing SSR 83-10, 1983 WL 31251, at *6. (Doc. 14, p. 6). So even if the ALJ found that Plaintiff could stand and walk for 12 hours – which seems highly unlikely – the jobs listed by the vocational expert are jobs at the light exertional level, thereby requiring standing, walking, or both, for up to six hours in an 8-hour workday.

Plus, the Court also agrees with the Commissioner that there was no indication at the hearing that the vocational expert did not understand the ALJ's hypotheticals. Nor did Plaintiff's attorney request clarification from the ALJ or from the vocational expert. *See Pena v. Saul*, No. 8:19-cv-2122-T-TGW, 2020 WL 5525628, at *3 (M.D. Fla. Sept. 15, 2020) (finding no reversible error when counsel should have objected at the administrative hearing or questioned the vocational expert about the limitations in the hypothetical posed to the vocational expert) (citing *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 879 (11th Cir. 2013)); see also *Thomas v. Comm'r of Soc. Sec.*, No. 3:19-cv-620-J-PDB, 2020 WL 5810219, at *4 (M.D.

Fla. Sept. 30, 2020) (finding no error when Plaintiff failed to provide authority compelling a more detailed hypothetical to the vocational expert). Thus, substantial evidence supports the RFC and the hypotheticals posed to the vocational expert.

## III.   Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 21, 2023.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties